The invoice net weights amount to 70 kilos per keg. That is the weight claimed by the importer and which the witness Mumbru stated was found when certain kegs were weighed in his presence. However, he testified also that 70 kilos of capers in their natural state were weighed out and packed in brine in Spain and that the main part of the brine was absorbed by the capers. Consequently, the weight of the capers on arrival here would presumably be greater than their weight on exportation from Spain. That is in accord with the greater weight found by the customs inspectors.

At the opening of the trial, counsel for the plaintiff stated that the collector had ascertained the dutiable net weight by a mathematical computation and that his theory of mathematics was wrong. However, that contention was not pursued further, and we have not been enlightened as to what is claimed to be in error.

On the record presented, we find that plaintiff has not established by a preponderance of evidence that his claimed net weight was more accurate than the weights obtained by customs inspectors, or that the methods used by them were not in accordance with law. The protest is overruled and judgment will be rendered for the defendant.

**No. 59225.**—Shephard Steel Company v. United States, protest 228314–K (New York).

Opinion by JOHNSON, J. According to the consular invoice, the merchandise consisted of 1,153 bundles, weighing 176,913 kilos. The entered weight was 390,025 pounds, and duty was assessed on 400,000 pounds. At the trial, an employee of the Foreign-Trade Zone testified that when the steel involved came off the vessel, it was stored under a lot number and, according to the records, consisted of 1,153 bundles. The same lot of steel was subsequently put on 12 trucks or 12 loads, was weighed on a United States Customs scale, and was found to be 382,210 pounds. On the record presented, it was held that the weight of the merchandise was 382,210 pounds, and the collector was directed to reliquidate the entry and to refund all duties taken in excess.

JULY 8, 1955

**No. 59226.**—American Mail Line, Ltd. v. United States, protests 176914–K, etc.———C. D. 1704. Plaintiff's application for rehearing granted.

JULY 14, 1955

**No. 59227.**—SUIT 4820.—C. J. Tower & Sons v. United States.—

C. D. 1595 reversed March 30, 1955. C. A. D. 589.

BEFORE THE THIRD DIVISION, JULY 21, 1955

**No. 59228.**—Wingren's Food Stores v. United States, protests 226799–K, etc. (Juneau, Alaska).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiff was sustained.

**No. 59229.**—Ketchikan Meat Company *v.* United States, protests 226804–K, etc. (Juneau, Alaska).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiff was sustained.

**No. 59230.**—National Carloading Corp. et al. *v.* United States, protests 228293–K, etc. (New York).

Opinion by JOHNSON, J. It was stipulated that the issues and facts herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as not landed, not found, or as manifested, not found, were not in fact received by the importers. In accordance with stipulation of counsel and following the decision cited it was held that duty is not assessable upon such portions of the merchandise as were reported by the inspector as not landed, not found, or as manifested, not found. The protests were sustained to this extent.

**No. 59231.**—Geo. E. Athans Co. *v.* United States, protest 254509–K (New York).

Opinion by JOHNSON, J. It was stipulated that the issues herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the merchandise consisting of 14 barrels of black olives in brine, reported by the inspector as manifested, not found, was not in fact imported. In accordance with stipulation of counsel and following the decision cited it was held that duty is not assessable upon such portions of the merchandise as were reported by the inspector as manifested, not found. The protest was sustained to this extent.